```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
VICTOR PHILLIPS,                    :
                                    :
                Plaintiff,          :
                                    :   Report & Recommendation
        -against-                   :   05 Civ. 9439 (SCR) (MDF)
                                    :
HAIRSTON #11682, C.O., HOWARD       :
#11535, C.O., and CARIELLO #114,    :
CAPT.,                              :
                                    :
                Defendants.         :
------------------------------------X
```

TO: THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.

Your Honor has referred this matter for general pretrial supervision. At the time of the complaint, received October 13, 2005 and filed November 7, 2005, Plaintiff was incarcerated at the Riker's Island Jail located at 16-00 Hazen Street. In an application dated December 3, 2005 and filed December 15, 2005, Plaintiff moved for appointment of counsel from the pro bono panel. I provided a ruling, denied with leave to renew, in an order dated January 19, 2006. By early March 2006, Plaintiff, still pro se and incarcerated, advised the Court of a change of address to the Riker's Island Jail located at 15-15 Hazen Street. On March 31, 2006, by memorandum indorsement on a letter dated March 30, 2006 from counsel for the defendants, I granted the defendants until May 15, 2006 to respond to the complaint. The photocopy of that indorsement mailed to Plaintiff at 15-15 Hazen Street was returned to the Clerk by the postal service. The same result obtained with respect to the photocopy mailed by my courtroom deputy. By letter dated April 21, 2006, counsel for the defendants advised the Court of her investigation concerning

Plaintiff's whereabouts.  She had learned from the New York City Department of Corrections that Plaintiff had been incarcerated from February 15, 2006 until March 23, 2006 and was discharged without leaving a forwarding address as he had been listed as "undomiciled."  Reference to the records of the New York State Department of Correctional Services, which I can confirm, disclosed that Plaintiff was not and is not in state custody.  Defendants filed an answer, dated May 15, 2006, and prior thereto, their attorney had begun discovery as set forth in a letter to the undersigned of the same date.  To his last known address, she had sent Plaintiff releases for agency and medical records necessary to comply with Local Rule 33.2, which sets forth the standard discovery in prisoner Pro Se actions.  She had not received a response.  At the end of the letter she requested that the Court compel Plaintiff to supply a current address and to complete the releases, both on pain of dismissal, and grant defendants an extension of time to comply with Local Rule 33.2.

According to the complaint, on July 10, 2005 at about 7:30 p.m. Plaintiff then incarcerated at the jail at 18-18 Hazen Street on Riker's Island, 3 Top housing unit, was assaulted by defendant corrections officers Hairston and Howard.  Specifically, Howard told Plaintiff to place his hands on a wall.  Plaintiff complied.  Howard then returned with Hairston whereupon Plaintiff was punched repeatedly in the head.  In the course of attempting to protect himself from the blows, he fell to the floor and was punched and kicked repeatedly.  He suffered what he

2

characterizes as ongoing injuries: headaches, nightmares, internal head injuries, back injuries and bruised ribs. Following the beating, all three defendants threatened him not to make any requests for medical attention and he complied out of fear.

The Court has not heard from Plaintiff since March 2006, when he indicated a change of address, which address is no longer current. Courts routinely observe that the responsibility for keeping the Court informed of changes of address rests with the Plaintiff. <u>See</u>, <u>e.g.</u>, <u>Wallace v. Speiget</u> No. 04-CV-2821 (DGT) (E.D.N.Y. July 1, 2005) (2005 Westlaw 1544811 n. 1); <u>Concepcion v. Ross</u>, No. CV-92-770 (E.D.N.Y. Oct. 28, 1997)(1997 Westlaw 777943). When considering applications by defendants to dismiss for want of prosecution cases brought by a <u>pro se</u> Plaintiff, they cite the failure to furnish a current address as a significant factor which supports a dismissal with prejudice. <u>See</u>, <u>e.g.</u>, <u>Myvett v. Rosato</u>, No. 03 Civ. 2370(LAP)(GWG) (S.D.N.Y. July 20, 2004) (order adopting report and recommendation, 2004 Westlaw 1354254at *2 (cases cited therein)); <u>Holmes v. State of New York Office of Court Administration</u>, No. 00 Civ. 7871 (LAP)(AJP) (S.D.N.Y. Jan. 25, 2001) (order adopting report and recommendation, 2001 Westlaw 5035 (cases cited therein)); <u>Hibbert v. Apfel</u>, No. 99 Civ. 4246 (SAS) (S.D.N.Y. July 17, 2000) (2000 Westlaw 977683 at *2); <u>Cardona v. Foster</u>, No. 95-CV-1839 (RSP/DS) (N.D.N.Y. Sept. 22, 1997) (1997 Westlaw 599348); <u>Gautam v. N.Y.C. Mayor's Office of Operation</u>, No. 92 Civ. 1014 (SAS) (S.D.N.Y.

July 29, 1996) (1996 Westlaw 422264).

Significantly, without setting forth any details concerning the substance thereof, Plaintiff alleges that he is in the process of appealing the denial of a grievance addressed to the incident. Failure to exhaust fully a grievance procedure results in dismissal of cases brought by prisoners. See, e.g., Leal v. Johnson, 315 F. Supp.2d 345 (W.D.N.Y. 2004); cf. Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003) (per curiam) ("[A] prisoner must exhaust his or her administrative remedies prior to filing a claim under §1983.").

In sum, the Court has no appropriate address to send an advisement/warning that failure to furnish a current address or failure to appear for a scheduled conference may/will result in dismissal of a case that cannot go forward and that the Plaintiff has brought prematurely. Under these circumstances, I respectfully recommend that your Honor dismiss this matter without prejudice.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(l), as amended, and Rule 72(b), Fed.R.Civ.P. the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed.R.Civ.P., or a total of thirteen (13) working days, (see Rule 6(a), Fed.R.Civ.P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson,

4

at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned, at the said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order or judgment that will be entered by Judge Robinson. See Thomas v. Arn, 474 U.S. 140 (1985); Frank v. Johnson, 968 F.2d 298 (2d Cir.), cert. denied, 506 U.S. 1038 (1992); Small v. Secretary of H.H.S., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); Wesolek v. Canadair, Ltd., 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Dated: July 27, 2006
White Plains, New York

Respectfully submitted,

_____
Mark D. Fox
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Stephen C. Robinson

Mr. Victor Phillips (#349-05-10961)
15-15 Hazen Street (8 upper)
East Elmhurst, New 11370

Mary T. O'Flynn, Esq.
Senior Counsel
NYC Law Department
100 Church Street
New York, New York 10007